## THIRD DEPARTMENT, MARCH, 1968

### (March 7, 1968)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANTHONY RECORE, Appellant.— GABRIELLI, J. Appeal from an order of the County Court of Rensselaer County which denied an application in the nature of a writ of error *coram nobis,* after a hearing. On July 1, 1964 the appellant, a second felony offender, pleaded guilty to one of two indictments, each of which charged him with the crimes of burglary in the third degree and petit larceny. He received a 5 to 10 year sentence and upon motion the second indictment was dismissed. He seeks to vacate his conviction claiming that (1) at the time of sentencing he was incapable of understanding the proceeding against him because he was under the influence of drugs and medications administered by the jail physician and (2) he was denied the effective assistance of counsel at the time of sentencing.· The record clearly supports the determination that at the time of his plea and sentencing, the appellant was not under any sedation nor under the influence of any tranquilizer. Not only has the appellant failed to prove his claim by a fair preponderance of the credible evidence, as is his duty and burden (*People* v. *Murphy,* 20 A D 2d 222, cert. den. 377 U. S. 971; *People* v. *Buck,* 25 A D 2d 474, cert. den. 384 U. S. 965), but the affirmative

proof adequately supports a conclusion contrary to appellant's claim. It appears that some time prior to his plea, the appellant had discussed the plea to be entered, with his assigned counsel and expressed a desire to plead to the one indictment with the hope of receiving a 5 to 10 year sentence. On the day before the imposition of sentence, his counsel became ill and requested his associate to appear for him. On the following day the associate conferred with the appellant and reviewed the case with him. Not only did he again express a desire to plead to the one indictment, but he obviously tacitly consented to the appearance by the associate. Upon these facts we can find neither prejudice nor any basis for a claim that he was deprived of the effective assistance of counsel (cf. *People* v. *Camacho*, 16 N Y 2d 1064). Order affirmed. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Gabrielli, J.